IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICARDO MAGANA VIVEROS,

        Plaintiff,

vs.                                                                 Case No. 21-3228-SAC

SUMNER COUNTY DETENTION CENTER,
LT. ANDREW YODER, OFFICER STEPHAN
GARCIA, DEPUTY S. NASH, and NURSE
WHITNEY,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff Ricardo Magana Viveros ("Viveros") is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Court Judge, why this action should not be dismissed due to the deficiencies in the plaintiff's complaint as discussed herein.

**Nature of Suit and the Plaintiff's Allegations**

Mr. Viveros brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and "HIPAA" (Health Insurance Portability and Accountability Act) by Officer Stephan Garcia wrongfully administering medical test equipment and by the other defendants being present when he received subsequent medical care and treatment. He is incarcerated at the Sumner County Detention Center in Wellington, Kansas ("Detention Center"). The court granted Mr. Viveros leave to proceed *in forma pauperis,* found insufficient funds to pay an initial partial filing fee, and ordered monthly payments. ECF# 3.

1

In count one, Mr. Viveros alleges that on August 26, 2021, Officer Garcia was negligent in having the plaintiff orally contact medical equipment which another inmate had orally contacted, and this contact exposed the plaintiff to hepatitis and COVID-19. When the plaintiff and the other inmate informed Officer Garcia of this "medical negligence," the plaintiff alleges that Garcia did not apologize or inform his supervising sergeant for assessment or investigation. ECF# 1 p. 5. The plaintiff alleges that Garcia's reaction shows him to be, "unprofessional and a serious case of deliberate indifference towards me." *Id.* Mr. Viveros filed a grievance over Officer Garcia's actions that same day. For count one, the plaintiff asserts his constitutional rights under the Eighth Amendment and his statutory rights under HIPAA were violated.

In count two, Mr. Viveros alleges that in response to his August 26th grievance against Officer Garcia, the next morning, August 27, 2021, he was called before Lt. Andrew Yoder, Deputy Nash and Nurse Whitney. He was asked about what had happened, and then taken back to his living quarters. An hour later, the plaintiff was returned before the same staff, and Nurse Whitney took a blood sample while Lt. Yoder and Deputy Nash were present. Mr. Viveros filed a grievance over the officers being present during his medical testing. For count two, the plaintiff asserts his constitutional right of medical information privacy under the 14th Amendment and his statutory rights under HIPAA were violated.

In count three, Mr. Viveros alleges that on August 31, 2021, he was brought before Lt. Yoder and Nurse Whitney and told the results of his blood testing. Lt. Yoder remained present during this conversation with Nurse Whitney. Mr. Viveros

filed a third grievance over Lt. Yoder being present during his conversation with Nurse Whitney. For count three, the plaintiff asserts his constitutional right of medical information privacy under the 14th Amendment and his statutory rights under HIPAA were violated.

**Statutory Screening of Prisoner Complaints**

A court must screen prisoners' complaints which seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*.

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint

as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**Discussion**

4

"A cause of action under section 1983 requires a deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Board of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citation omitted). "This court has held that a county detention center, which does not have the authority to sue or be sued, is not 'person' that may be sued for violations of § 1983." *Scriven v. Sedgwick County Board of Commissioners*, 2020 WL 4731966, at *3 (D. Kan. Aug. 14, 2020); *Polk v. Labette County Jail*, 2019 WL 5395734, at *2 (D. Kan. Oct. 22, 2019) (and cases cited in each). Therefore, the plaintiff's claims against Sumner County Detention Center should be dismissed.

A plaintiff must allege how each named government official individually violated the plaintiff's constitutional rights. *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020). In count one, Officer Garcia is alleged to have "handed" medical equipment to Viveros for him to use orally when another inmate had already made oral contact with the same equipment. The other inmate told Viveros that he "was positive for hepatitis." ECF# 1, pp. 4-5. When Garcia was later advised by Viveros and the other inmate of his negligent act, Garcia "didn't apologize or attempt to call . . . [his shift supervisor] to assess the situation for further investigation." *Id*. at p. 5. The complaint alleges Garcia's response presents "a serious case of deliberate indifference towards" Viverous. *Id*. A claim of a § 1983 violation cannot be predicated upon negligence. *Jones v. Salt Lake County*, 503 F.3d 1147, 1162-63 (10th Cir. 2007); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (negligence insufficient to allege an Eighth Amendment violation under § 1983).

The plaintiff's complaint fails to state an Eighth Amendment violation in alleging the officer's negligence in distributing medical equipment and in responding to information about the error. These allegations do not approach the "deliberate indifference to serious medical needs" that constitutes an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment standard requires a plaintiff to satisfy both an objective component (a sufficiently serious deprivation) and a subjective component (deliberate indifference on the part of the official responsible). *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The plaintiff's complaint is silent in alleging for the objective component what, if any, sufficiently serious harm he has suffered.

As for the subjective component, the plaintiff must allege the official had a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This means alleging the official "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Thus, "allegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent ... diagnos[is]' simply fail to establish the requisite culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 299, (1991) (citation omitted). Negligent handling of medical treatment or equipment "'does not become a constitutional violation merely because the victim is a prisoner.'" *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (quoting *Estelle*, 429 U.S. at 106). There is nothing to suggest a plausible allegation here that in acting as he did, Garcia appreciated but ignored a substantial risk of serious harm. Instead, as the plaintiff alleges, he received blood testing after the alleged negligent use of

6

the same medical equipment. There is nothing to show the plaintiff was denied adequate medical care. *See White v. Kansas Department of Corrections*, 664 Fed. Appx. 734, 741 (10th Cir. 2016) (unpublished).

The plaintiff's other counts allege constitutional violations and HIPAA violations because officers were present both when his blood was taken and later when the blood work results were disclosed and discussed. There is no private cause of action for HIPAA violations. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Freier v. Colorado*, 804 Fed. Appx. 890, 891-92 (10th Cir. Feb. 14, 2020); *Ward v. Kearny County Hospital*, 2019 WL 2073938, at *1 (D. Kan. May 10, 2019) (and cases cited therein). The Tenth Circuit has noted that two circuits have held that § 1983 may not be used to remedy a HIPAA violation. *Thompson v. Larned State Hospital*, 597 Fed. Appx. 548, 550 (10th Cir. 2015) (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) and *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010)); *see Flemming v. CoreCivic*, 2021 WL 826205, at *2 (D. Kan. Mar. 3, 2021). Under circumstances similar to those alleged by the plaintiff here, this court cited a line of case law finding no constitutional violation of a right to privacy when institutional officers were present during medical testing or during discussion of medical information. *See Lomon v. Beyers*, 2020 WL 7828766, at *3 (D. Kan. Dec. 31, 2020) (and cases cited therein); The defendants also are entitled to qualified immunity against any claim for damages based on this alleged violation, because the plaintiff's asserted right of privacy in this context has yet to be clearly established in the decisions of the Supreme Court or the Tenth Circuit. *Id.*; *see Leiser v. Moore*, 903 F.3d 1137, 1140-45 (10th Cir. 2018).

**Response Required**

For the above-stated reasons, the plaintiff's complaint appears to fail to state a claim for relief and, therefore, is subject to dismissal. The plaintiff is hereby ordered to show cause by October 20, 2021, in filing either a memorandum showing why his complaint should not be dismissed for failure to state a claim or, in the alternative, an amended complaint which cures all the pleading deficiencies discussed above. If the plaintiff does not respond within the prescribed time, this matter may be dismissed without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted until October 20, 2021, to file either a memorandum showing good cause why this case should not be dismissed for each reason discussed above or an amended complaint curing all the pleading deficiencies discussed above.

Dated this 29th day of September, 2021, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge